IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HEATHER V. EVERS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. CIV-05-1120-L |
| | ) | |
| FSF OVERLAKE ASSOCIATES, | ) | |
| a limited partnership, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Alleging that the court has diversity jurisdiction, plaintiffs Heather V. Evers and her husband, Derek Evers, filed this action seeking damages based on their exposure to toxic chemicals while they were tenants of the Overlake Apartments in Bethany, Oklahoma.[1]  The complaint alleges plaintiffs are citizens of the State of Oklahoma and defendants are citizens of the State of California.  This matter is before the court on defendants' Motion to Dismiss.  Defendants contend complete diversity does not exist as FSF Overlake Associates and its general partner, D.G.M. Overlake, Inc., are in fact citizens of the State of Oklahoma.

The requirements of diversity jurisdiction are well-established.

---

[1]Plaintiffs initially brought this action in the District Court of Oklahoma County, Oklahoma. Evers v. FSF Overlake Associates, Case No. CJ-2000-7767 (Okla. Cty. filed Oct. 25, 2000).  After the trial court's grant of summary judgment was reversed and the matter was set for jury trial in November 2004, plaintiffs dismissed the state court action without prejudice on September 24, 2004.  Plaintiffs then refiled the case in this court in accordance with the Oklahoma Savings Statute, 12 O.S. § 100.  See Complaint at ¶ 7.

> This statute and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff. Over the years Congress has repeatedly re-enacted or amended the statute conferring diversity jurisdiction, leaving intact this rule of complete diversity. Whatever may have been the original purposes of diversity-of-citizenship jurisdiction, this subsequent history clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.

Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978) (emphasis in original). Since defendants have challenged the court's jurisdiction, plaintiffs have the burden of proving jurisdiction is proper. Amoco Rocmount Co. v. Anschutz Corp., 7 F.3d 909, 914 (10th Cir. 1993), *cert. denied*, 510 U.S. 1112 (1994).

The citizenship of an unincorporated entity such as FSF Overlake Associates[2] is determined by examining the citizenship of all its members. Lenon v. St. Paul Mercury Ins. Co., 136 F.3d 1365, 1369 (10th Cir. 1998). Plaintiffs do not dispute that two of the limited partners are citizens of the State of Oklahoma; rather, plaintiffs ask the court to ignore the Oklahoma limited partners because the partners in question "held only a nominal fractional interest in the limited partnership" and because the limited partners "are not the real parties to the controversy in interest, they should

---

[2]FSF Overlake Associates is an inactive limited partnership. During the time period relevant to this action, the limited partnership held title to the Overlake Apartments. *See* Complaint at ¶¶ 2, 9.

2

not be considered in determining diversity jurisdiction."  Plaintiffs' Objection to Defendants' Motion to Dismiss at 9, 11.  Plaintiffs' argument, however, has been expressly rejected by the United States Supreme Court.  In <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185 (1990), the Court held:

> we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.  We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of "all the members," "the several persons composing such association," "each of its members".

<u>Id.</u> at 195-96 (citations omitted).  As two of its limited partners are citizens of the State of Oklahoma, FSF Overlake Associates is not diverse from plaintiffs.

A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business".  28 U.S.C. § 1332(c)(1).  The parties do not dispute that D.G.M. Overlake Inc.'s place of incorporation is the State of Delaware; the issue is its principal place of business. The Tenth Circuit uses the "total activity" approach in determining a corporation's principal place of business.  <u>Amoco Rocmount Co.</u>, 7 F.3d at 915.  This approach "considers a variety of factors, such as the location of the corporation's nerve center, administrative offices, production facilities, employees, etc., and it balances these factors in light of the facts of each case."  <u>Id.</u> (*quoting* <u>White v. Halstead Indus., Inc.</u>, 750 F. Supp. 395, 398 (E.D. Ark. 1990)).

3

In support of their motion, defendants presented the Affidavit of Nancy Mauriello.  Ms. Mauriello reports the corporation "was incorporated for the limited purpose of acting as general partner of FSF Overlake Associates, the owner of the real property located in Oklahoma County, Oklahoma.  Once the real property was sold, DGM Overlake Inc.'s business activity ceased."  Affidavit of Nancy Mauriello at ¶ 5.  In response to plaintiffs' interrogatories, defendants clarified that although the corporation's officers lived in California, they "each made frequent trips to Oklahoma for the purposes of conducing business with respect to the Overlake Apartment community".  Exhibit 5 to Plaintiffs' Objection to Defendants' Motion to Dismiss at 8.  In short, defendants have presented evidence that the corporation's sole reason for existence was to act as the general partner for the owner of the Oklahoma apartment complex.[3]  Thus, the court finds the corporation's principal place of business was State of Oklahoma.

Plaintiffs argue that the court should ignore this evidence because – as of the time the federal complaint was filed – the corporation had been inactive for more than five years.[4]  Likewise, plaintiffs argue there were no limited partners when they filed the complaint in 2005 because the partnership ceased to exist in 2000.

---

[3]In response to defendants' evidence, plaintiffs offer documents reflecting the corporation's business address, which is insufficient to establish the corporation's principal place of business under the total activities test.

[4]The federal complaint was filed on September 23, 2005.  According to Ms. Mauriello's affidavit, FSF Overlake Associates sold the apartment complex on September 15, 2000 and the corporation's business activities ceased that date.  Affidavit of Nancy Mauriello at ¶¶ 3, 5.

Plaintiffs' argument, however, fails to recognize the effect of the Oklahoma Savings Statute, pursuant to which they were able to file the federal case.  Under Oklahoma law, the federal case relates back to the date the case was originally filed in Oklahoma state court, that is October 25, 2000.[5]  As of that date, the corporation had ceased business only 40 days previously.  The record is not clear when the limited partnership became inactive, but in no event could it have been prior to September 15, 2000.  Thus, the cases cited by plaintiffs in support of their proposition that the court should ignore defendants' Oklahoma connections are inapposite.  The court concludes that the relevant date for purposes of analysis is October 25, 2000.  Plaintiffs have not established that as of that date, D.G.M. Overlake, Inc.'s principal place of business was a state other than Oklahoma, nor as of that date would there be any reason to ignore the existence of the Oklahoma limited partners.

As complete diversity does not exist, the court does not have subject matter jurisdiction over this action and dismissal is warranted.  Plaintiffs, however, ask the court for leave to amend their complaint to dismiss the non-diverse defendants.  "[I]t is well-settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time [to preserve diversity jurisdiction], even after judgment has been rendered."  Lenon, 136 F.3d at 1371 (quoting Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989)).  In their reply brief,

---

[5]See Specific Systems of Tulsa, Inc. v. American Bank & Trust Co., 51 P.3d 1228, 1230 (Okla. App. 2002).

defendants did not contest plaintiffs' claim that FSF Overlake Associates and D.G.M. Overlake, Inc. are dispensable parties.  The court therefore will grant plaintiffs' request to amend the complaint.

In sum, defendants' Motion to Dismiss (Doc. No. 11) is GRANTED.  Plaintiffs, however, are granted leave to amend their complaint to dismiss non-diverse defendants FSF Overlake Associates and D.G.M. Overlake, Inc.  Plaintiffs shall file their amended complaint no later than **July 20, 2006**.  If plaintiffs do not file an amended complaint by that date, the court will enter judgment dismissing this action for lack of jurisdiction.

It is so ordered this 11th day of July, 2006.

_Tim Leonard_

TIM LEONARD
United States District Judge